UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
EDITH M. SOTO RODRIGUEZ,                :    CASE NO. 1:17-CV-01897
:
        Plaintiff,               :
:
vs.                                     :    OPINION & ORDER
:    [Resolving Doc. No. 6]
CITY OF PAINESVILLE, ET AL,             :
:
        Defendants.              :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Edith M. Soto Rodriguez alleges that Defendants City of Painesville, City of Painesville Building Department, and City of Painesville Public Services Department ("Painesville" or "Defendants") violated a number of local and state ordinances, as well as the Ohio and United States Constitutions.[1] Defendants seek to remove this suit to federal court.[2] Plaintiff argues that the federal courts do not have jurisdiction over her claims.[3]

For the following reasons, the Court **DENIES** Plaintiff's request to remand.

## I. Factual Background

Plaintiff Rodriguez operates an insurance agency on the property she owns located at 180 Main Street in Painesville, Ohio.[4] In April of 2017, Painesville alleged that she "maintained the [p]roperty as an 'unsafe structure' and declared the [p]roperty as [sic] a 'public nuisance.'"[5]

---

[1] Doc. 1-2.
[2] Doc. 1.
[3] Doc. 6. Defendants respond. Doc. 8.
[4] Doc. 1-2 at 3.
[5] *Id.*

Case No. 1:17-cv-1897
Gwin, J.

Plaintiff Rodriguez argues that Defendants caused the current state of her property by improperly snowplowing and laying asphalt in the area surrounding the property.[6] Defendants have refused to fix any of this damage.[7]

Plaintiff alleges that Defendants caused property damage, created a nuisance, converted property, committed a taking in violation of the Ohio and United States Constitutions, and were negligent.[8]

## II. Legal Standard and Analysis

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction."[9] Federal district courts have original jurisdiction over federal questions.[10]

Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States."[11] The party seeking removal bears the burden of establishing federal question jurisdiction.[12]

Under the well-pleaded complaint rule, the plaintiff is mistress of her complaint.[13] The Supreme Court does not allow a defendant to foist federal jurisdiction onto a plaintiff's complaint: "[T]he question whether a party claims a right under the constitution or laws of the United States is to be ascertained by the legal construction of its own allegation, and not by the effect attributed to those allegations by the adverse party."[14]

---

[6] Doc. 1-2 at 4.
[7] *Id.* at 4-5.
[8] *Id.* at 5-10.
[9] 28 U.S.C. § 1441(a).
[10] *See* 28 U.S.C. § 1331.
[11] *Id.*
[12] *Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 453-54 (6th Cir. 1996).
[13] *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).
[14] *Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 460 (1894) (citation omitted).

Here, Plaintiff alleges in her complaint a violation of the United States Constitution. Specifically, she states that "the Defendants have and continue to violate the Plaintiff's rights set forth in the Takings Clauses in the federal and/or Ohio constitutions."[15]

As Defendants correctly argue, this alleged violation of the United States Constitution presents a federal question and gives the Court jurisdiction over this case.[16]

### III. Conclusion

For the preceding reasons, the Court **DENIES** Plaintiff's opposition to removal.

IT IS SO ORDERED.

Dated: September 25, 2017             s/        *James S. Gwin*_____
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE

---

[15] Doc. 1-2 at 8.
[16] 28 U.S.C. § 1331; *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152 (1908). The Court also has supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367.